**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MR. MATTHEW KATZENSTEIN,

    Plaintiff,

v.

DOLLAR GENERAL CORPORATION,

    Defendant.

Civil Action No. 14-6845 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Mr. Matthew Katzenstein's ("Plaintiff") Motion to Set Aside the Court's April 30, 2015 Order of Dismissal (ECF No. 22). (ECF No. 24[1].) Defendant Dollar General Corporation ("Defendant") filed an opposition brief. (ECF No. 27.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff's Motion to Set Aside the Order of Dismissal is denied.

**I.**    **Background**

This action arises from pro se Plaintiff's disability discrimination claims against Defendant. (*See generally* Compl., Ex. B. to Notice of Removal, ECF No. 1.) In his Complaint, Plaintiff alleged that Defendant "[w]illfully discriminated against" him and terminated his employment "without proper cause, after an unfortunate series of on the job injuries." (Compl. 1.)

---

[1] In support of his request to set aside the Court's April 30, 2015 Order of Dismissal, Plaintiff submitted e-mail correspondence addressed to himself. (ECF No. 24.) The Court shall refer to this e-mail correspondence as "Plaintiff's Moving Brief."

Plaintiff also alleged that his injuries "were the direct result of unsafe working conditions, a hostile work environment and the defendants [sic] unwillingness to act in a timely manner towards the plaintiffs [sic] requests for assistance at store level." (*Id.*) Furthermore, Plaintiff alleged that "as a result of defendant's acts" he was unable "to provide for the present and future needs of [his] children and partner" and he was unable to "secure funding for retraining to a new career field that will allow the use of a reasonable accommodation. . . ." (*Id.* at 2.)

On April 27, 2015, the Honorable Douglas E. Arpert, U.S.M.J. ("Judge Arpert") held a status conference in this matter. (ECF No. 23.) At this status conference, Judge Arpert discussed correspondence from Defendant regarding "[P]laintiff's failure almost from the beginning of this case to comply with the Court's directives and orders, both in terms of scheduling and in terms of discovery." (May 18, 2015 Tr. 4:6-8, ECF No. 23.) Noting that Plaintiff was not present at the April 27, 2015 status conference and that the Court had advised Plaintiff that his failure to appear at the conference "will result in the recommendation that plaintiff's complaint be dismissed with prejudice," Judge Arpert stated that he intended to recommend that the Complaint be dismissed with prejudice. (*Id.* 5:15-20.) Plaintiff thereafter arrived thirty minutes late to the conference. The conference was adjourned soon after Plaintiff's arrival, and Plaintiff and Defendant's counsel conducted an off-the-record discussion. (*Id.* 7:9-13.) Approximately one and a half hours after adjourning the status conference, the parties reappeared on the record and advised the court that they had reached an agreement regarding settlement of this action. (*Id.* 7:14-8:12.) Notably, Defendant's counsel[2] stated that the settlement agreement will include a "no re-employment" provision. (*Id.* 7:21-25.) Then, on April 30, 2015, this Court entered an Order dismissing this

---

[2] Although the transcript states that the Court made the statements describing the content of the settlement agreement (May 18, 2015 Tr. 7:18- 25), it appears that this was in error, and that these statements were made by Defendant's counsel, Ms. McLeod Camini.

case "without prejudice to the right, upon motion and good cause shown, within 90 days, to reopen this action if settlement is not consummated." (ECF No. 22.) Settlement was not consummated, and approximately 89 days after entry of the Court's Order of Dismissal, Plaintiff moved to set aside the Order. (ECF No. 24.)

## II. Legal Standard

"Any time a district [court] enters a judgment, even one dismissing a case by stipulation of the parties, [it] retains, by virtue of Rule 60(b) [of the Federal Rules of Civil Procedure] jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule[.]" *Halderman v. Pennhurst State Sch. and Hosp.*, 901 F.2d 311, 320 (3d Cir. 1990) (citing *McCall-Bey v. Franzen*, 777 F.2d 1178, 1186 (7th Cir. 1985)). Under Rule 60(b), courts have discretion to grant a party relief from a final judgment, order, or proceeding.[3] *See Shapiro v. Baker*, 646 F. Supp. 1127, 1128 n.1 (D.N.J. 1986) (citing *Greco v. Reynolds*, 416 F.2d 965 (3d Cir. 1969)).

Rule 60(b) provides six grounds for finding good cause to grant relief from a final judgment, order, or proceeding. Fed. R. Civ. P. 60(b). Applying the liberal rules applicable to submissions from pro se litigants[4], Plaintiff's motion arguably implicates two of these grounds for relief: "newly discovered evidence" and the catch-all ground, which is described as "any other

---

[3] Here, the Order dismissing the Complaint without prejudice is considered a final order because the Complaint appears to allege that on September 28, 2012, Defendants violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4, and pursuant to the applicable statute of limitations, these claims have expired. *Core Commc'ns, Inc. v. Verizon Pa., Inc.*, 493 F.3d 333, 337 (3d Cir. 2007) ("Ordinarily, an order dismissing a complaint without prejudice is not a final order unless the applicable statute of limitations would not permit the re-filing of the claims."); *see also Ross v. Rutgers Univ.*, No. 13-2809, 2013 WL 5201227, at *3 (D.N.J. Sept. 16, 2013) (stating that "[c]laims under the NJLAD are subject to a two-year statute of limitations") (citing *Montells v. Haynes*, 627 A.2d 654, 660 (1993)).

[4] *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) ("Pleadings and other submissions by pro se litigants are subject to liberal construction[.]") (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

3

reason justifying relief." Fed. R. Civ. P. 60(b)(2), (6). As discussed below, however, the Court concludes that neither of these grounds for relief is applicable.

### III. Analysis

In his Motion to Set Aside the Order of Dismissal, Plaintiff asserts that his entry into a settlement agreement "remains contingent on [his] ability to return to his chosen work profession of 20+ years in Retail Store Management." (Pl.'s Moving Br. 1.) In addition, he asserts that after the April 27, 2015 conference, at which he agreed to dismiss his claims against Defendant, he learned that "a return to the profession of Retail Store Management is not possible or advisable due to a serious issue with balance (Gait) from a Syrinx (Split caused by Cyst) inside the Spinal Cord and other cumulative injury's [sic] to the back that were previously unknown to both parties." (*Id.*) Accordingly, Plaintiff asserts that he now rejects the settlement agreement and requests that the Court set aside the Order of Dismissal. (*Id.*)

Defendant disputes Plaintiff's account of the settlement negotiations. (Def.'s Opp'n Br. 2, ECF No. 27.) In particular, Defendant asserts that it did not offer to return Plaintiff to work, and that Plaintiff's alleged inability to work predates the settlement. (*Id.* at 2-3.) Accordingly, Defendant argues that Plaintiff has not shown good cause for setting aside the Court's Order of Dismissal. The Court agrees.

Plaintiff's account of the settlement negotiations and his understanding of the conditions for settlement are refuted by the record. Indeed, the Court need not look any further than Plaintiff's own statement in the Complaint to find a contradictory account of Plaintiff's understanding of his ability to return to his profession. Namely, in the Complaint Plaintiff asserts that as result of injuries caused by the Defendant he was unable "to provide for the present and future needs of [his] children and partner." (Compl. 2) In addition, rather than seeking a return to his former job,

4

Plaintiff referred to the need for "funding for retraining to a new career field that will allow the use of a reasonable accommodation." (*Id.*) Furthermore, Plaintiff's awareness that settlement was not contingent on his return to his former job is underscored by Defendant's counsel's on-the-record statement to Judge Arpert that the settlement agreement would include a "no re-employment" provision. (April 27, 2015 Tr. 7:21-25.) Thus, Plaintiff has failed to show any "newly discovered evidence" that warrants relief under Rule 60(b)(2).

Plaintiff also fails to establish a right to relief under Rule 60(b)(6). Rule 60(b)(6) "'should be only sparingly used' and may not 'be employed simply to rescue a litigant from strategic choices that later turn out to be improvident.'" *Kramer v. Gates*, 481 F.3d 788, 791-92 (D.C. Cir. 2007) (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)). Moreover, it is well-established that Rule 60(b)(6) motions may be granted only in "extraordinary circumstances." *Ackermann v. United States*, 340 U.S. 193, 199 (2007). Given Plaintiff's failure to offer any other credible basis for setting aside the Order of Dismissal, relief under Rule 60(b)(6) is not warranted. *See also Perez v. Verizon*, No. 04-5247, 2006 WL 1796899, at *4 (D.N.J. June 28, 2006) ("[Plaintiff's] subsequent disagreement with certain of the terms in a proposed settlement agreement does not justify a finding that the settlement is unenforceable and that the Court's order dismissing the case should be vacated.").

Accordingly, the Court rejects Plaintiff's arguments for relief and finds that Plaintiff has not shown good cause pursuant to Federal Rule of Civil Procedure 60(b) for setting aside the Court's Order of Dismissal.

5

## IV. Conclusion

For the reasons set forth above, Plaintiff's Motion to Set Aide the Court's Order of Dismissal is denied. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: February 8, 2016